DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Shelia Graham, appeals from a judgment of the Akron Municipal Court. We reverse.
 I. {¶ 2} This appeal stems from an auto accident involving Ms. Graham and Appellee, James Doak. Ms. Graham had briefly stopped her car alongside the road to dispatch her grandchildren for school. Thereafter, she attempted to pull into traffic just as Mr. Doak was driving past, which resulted in a collision between the cars. The police cited Ms. Graham for a traffic violation, to which she pled no contest and paid a fine. Later, Mr. Doak sued to recover damages to his car.
 {¶ 3} The case was tried to the bench, and the trial court found for Mr. Doak. Specifically, the court stated that the violation of the traffic ordinance constituted negligence per se, and therefore all of the negligence was attributable to Ms. Graham. From this, the trial court concluded that Mr. Doak was entitled to recover the full damages to his car, while Ms. Graham was not entitled to recover anything. The court entered judgment and ordered payment accordingly. Ms. Graham timely appealed, asserting four assignments of error for review.
 II. A. First Assignment of Error
"The municipal court prejudicially erred in her conclusion that appellant's driving [was] negligence per se because of appellant's being found guilty of a traffic violation because the finding of guilty came from a `no contest' plea" [sic]
 {¶ 4} Ms. Graham alleges that the trial court erred in finding her negligent per se based solely on her no contest plea to the traffic violation. We agree.
"The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Traf.R. 10(B)(2). Because the trial court relied solely on the plea from the traffic violation to determine that Ms. Graham had been negligent per se in the civil proceeding, we conclude that the judgment is in error. This assignment of error is sustained.
 B. Second Assignment of Error
"The municipal court prejudicially erred by ignoring the testimony of jamie romano, an independent witness who saw the auto accident and who testified that appellee was the person who caused the accident and that appellant was free from any negligence and that damages should have been awarded to appellant on her counterclaim" [sic]
 Third Assignment of Error
"The municipal court erred in failing to consider the testimony of Jamie Romano and at the very worst find equal negligence and award appellee no damages or reduced damages" [sic]
 Fourth Assignment of Error
"The municipal court erred by allowing appellee to present evidence which appellee had not provided to appellant in violation of a pretrial order from that court" [sic]
 {¶ 5} Ms. Graham also argues that the trial court's ultimate decision in the case was incorrect on the facts, and that the trial court erred in admitting certain evidence. In light of our disposition of Ms. Graham's first assignment of error, we decline to address her subsequent assignments of error as they have been rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 6} Ms. Graham's first assignment of error is sustained. Ms. Graham's second, third and fourth assignments of error are not addressed. The judgment of the Akron Municipal Court is reversed and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Slaby, P.J., Carr, J., Concur.